UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

EMPIRE COMMUNITY DEVELOPMENT, LLC,

                               Plaintiff,

    -against-

DEVIKA RUSSELL,

                               Defendant.

------------------------------------------------------------------------X

<u>For Online Publication Only</u>

**<u>ORDER</u>**
21-CV-5402 (JMA) (ST)

**FILED
CLERK**

2:25 pm, Jan 18, 2022

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      The instant action was brought to foreclose on a mortgage encumbering the property at 280 Lincoln Avenue, Roosevelt, New York 11575 (the "Subject Property"). (<u>See</u> Compl., ECF No. 1.) Before the Court is the motion of plaintiff Empire Community Development, LLC ("Plaintiff") for default Judgment of Foreclosure and Sale against defendants Devika Russell ("Defendant") pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.2. (ECF No. 11.) For the reasons stated herein, Plaintiff's motion is **GRANTED**, and Plaintiff is awarded damages and additional relief as described below.

### I. DISCUSSION

**A. <u>Defendant Defaulted</u>**

      Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

**B. <u>Liability</u>**

      When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. <u>Id.</u>

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (2d Dep't 2005)).

Here, Plaintiff appends to the Complaint copies of the mortgage (Ex. B), the mortgage note and affidavit of note possession (Ex. C), and the default and 90-day notices sent to Defendant (Ex. E). (Compl. Exs. B–E, ECF No. 1-1.) This documentary evidence, together with the allegations in the Complaint, are sufficient to establish Defendant's liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure will be entered.

## C. **Damages**

In addition to foreclosure of the Subject Property, Plaintiff requests an award of monetary damages. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of the principal balance of $82,207.89 owed by the Defendant on the loan, together with interest in the amount of $61,560.73 from June 1, 2015 through December 13, 2021. The Court finds that Plaintiff's submissions, including the Affidavit of Statement of Damages sworn by Damatria Anderson, Assistant Secretary for Fay Servicing, LLC (servicer for

Plaintiff) (ECF No. 11-6), together with the exhibits annexed to the Complaint, establish the damages to a reasonable certainty.

Accordingly, Plaintiff is awarded $82,207.89 in damages and $61,560.73 in interest.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default Judgment of Foreclosure and Sale against Defendant is granted and Plaintiff is awarded a total of $82,207.89 in principal and interest of $61,560.73.

The Court will enter a Judgment of Foreclosure and Sale consistent herewith, at which time the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: January 18, 2022
Central Islip, New York

                  /s/     (JMA)
                  JOAN M. AZRACK
                  UNITED STATES DISTRICT JUDGE